IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANTON D. GLASSCO and          *
JEROME A. JAMES II;           *
                              *
        Plaintiffs,           *
                              *
vs.                           *        No. 4:11CV00860 SWW
                              *
STATE OF ARKANSAS; MIKE BEEBE; *
ARKANSAS ECONOMIC DEVELOPMENT  *
COMMISSION; GRANT TENNILLE; and *
PATRICIA NUNN BROWN;          *
                              *
        Defendants.           *

## Memorandum Opinion and Order

Defendants Mike Beebe, Grant Tennille, and Patricia Nunn Brown, sued in their official capacities only, filed a motion to dismiss to which plaintiffs responded.   For the reasons stated below, the motion is granted.

## Background[1]

Plaintiffs Anton D. Glassco and Jerome A. James, II, are owners of Clean Smile, Inc ("Clean Smile").  They participated in a minority ownership program of the Arkansas Economic Development Commission (AEDC") under which Clean Smile was certified as a minority business enterprise.  When plaintiffs attempted to re-certify Clean Smile in the AEDC program in September 2009, Defendant Patricia Nunn Brown, the director of the Small and Minority Business Division of the AEDC, asked for the name and telephone number of Clean Smile's contact at General Motors, a company to whom Clean Smile was allegedly selling its

_____

[1]See Pls.' Comp.

technology.  Plaintiffs refused to supply the contact information, arguing it was confidential and proprietary, and not required by statute for re-certification.  Defendant Brown nonetheless continued to request the information and plaintiffs continued to refuse to release it.

The AEDC refused to recertify Clean Smile and plaintiffs allege the decision not to recertify was based on illegal race discrimination.  They bring their claim pursuant to Title VI of the Civil Rights Act, 42 U.S.C. § 1983, the Commerce Clause, and the Fourteenth Amendment to the United States Constitution.  Defendants move for dismissal based on lack of subject matter jurisdiction and failure to state a claim.

### Discussion

This is the second lawsuit plaintiffs have filed concerning the AEDC's refusal to recertify Clean Smile as a minority enterprise.  In the first case, filed in July 2011, plaintiffs alleged the corporation had been certified as a minority business enterprise and that defendants illegally refused to recertify the corporation.  The Court dismissed the complaint, finding plaintiffs had no standing to prosecute a civil rights claim because they had not personally suffered a direct injury that did not derive from an injury to the corporation.[2]  Now plaintiffs allege defendants illegally failed to recertify plaintiffs themselves as a minority business enterprise.[3]

A party invoking federal jurisdiction must establish that he has met both constitutional and prudential standing.  *Warth v. Seldin,* 422 U.S. 490, 498 (1975).  To satisfy the constitutional requirement, a plaintiff must establish that he suffered an "injury in fact" (that is, the invasion of

---

[2]*See Clean Smile. Inc. et al. v. Arkansas Economic Dev. Corp. et al.*, 4:11cv566 SWW, docket entry 30.

[3]Plaintiffs allege that "Anton Glassco were accepted into a minority ownership program of the AEDC in 2006 certifying that at least 51% of a company was owned by them as minorities."  Docket entry 1 at ¶ 10.

2

a legally protected interest); a causal connection between the injury and the conduct complained of; and a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992).  "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth,* 422 U.S. at 499.

Defendants argue plaintiffs lack standing for three reasons: 1) the doctrine of judicial estoppel bars plaintiffs from contradicting the allegation they made in the first lawsuit; 2) under Arkansas law, it is businesses not people who are certified as minority business enterprises; and 3) the public record leaves no doubt that it was Clean Smile, the corporation, that was certified as a minority business enterprise.

The Court finds plaintiffs lack standing.  It is clear that under Arkansas law, it is businesses, not people, that may be certified as minority business enterprises.  The Arkansas Minority Business Development Act defines a "minority business enterprise" as " a business that is at least fifty-one percent (51%) owned by one (1) or more minority persons[.]" Ark. Code Ann. § 15-4-303(3) (Supp. 2011).   Further, the certificate issued by the AEDC shows that it was Clean Smile, not the plaintiffs, that was certified as a minority enterprise.  *See*  Defs.' Mot. To Dismiss, Attach. 1.[4]  As the Court found in the previous lawsuit,  "[A] corporate officer cannot maintain a personal action against a third party for harm caused to the corporation, unless the officer alleges a direct injury not derivative of the company's injury." *Alternate Fuels, Inc. v.*

---

[4]When addressing a motion to dismiss, the court "may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.,* 652 F.3d 971, 976 (8th Cir. 2011).  Such matters of public record include documents filed in previous lawsuits as well as authenticating affidavits.  *Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007).

*Cabanas*, 538 F.3d 969, 973 (8th Cir. 2008).  Because plaintiffs fail to show they have standing to pursue their claims, the Court lacks subject matter jurisdiction.

The Court further lacks subject matter jurisdiction over plaintiffs' claims for money damages against defendants.  The Eleventh Amendment prohibits individuals from suing a state or a state agency for damages.  *Papasan v. Allain*, 478 U.S. 265, 276 (1986).  Further, the Eleventh Amendment bars a suit against state officials when sued in their "official capacities." An action for damages against state officials in their "official capacities" is a suit against the state.  *See Kentucky v. Graham*, 473 U.S. 159 (1985).[4]

As to plaintiffs' claims for prospective relief, defendants argue they should be dismissed for failure to state a claim for relief.  Plaintiffs allege defendants, acting under color of state law, violated 42 U.S.C. § 1983, the Interstate Commerce Clause, and the Fourteenth Amendment to the United States Constitution.  *See* Compl. at 6, Count II.  They complain defendant Beebe negligently failed to supervise the actions of his appointees and the departments they run, that defendant Tennille failed to properly supervise defendant Brown, and defendant Brown's actions proximately caused their injuries.

Section 1983 "merely provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzago Univ. v. Doe*, 536 U.S. 273, 285 (2002).  As a result, "one cannot go into court and

---

[4]Plaintiffs name the State of Arkansas and the AEDC as defendants.  The record reflects that plaintiffs have not served the State or the AEDC.  Nevertheless, the Court may raise the issue of jurisdiction at any time.  The Eleventh Amendment provides states and state agencies with immunity from suits brought by their own citizens.  *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).  Therefore, plaintiffs' claims against the State and the AEDC should be dismissed based upon sovereign immunity as well as lack of standing.

4

claim a 'violation of § 1983' - for § 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979).   To the extent that plaintiffs allege defendants violated § 1983, their claims are dismissed for failure to state a claim.

To state a claim under § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  42 U.S.C. § 1983.  Although detailed factual allegations are not required, a complaint must include enough facts to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id. Pro se* complaints are liberally construed, but they still must allege "sufficient facts to support the claims advanced."  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Here, plaintiffs allege defendants violated the Fourteenth Amendment by negligently failing to re-certify the corporation as a minority business enterprise.   The Due Process Clause of the Fourteenth Amendment is not implicated by the negligent act of an official causing unintended loss or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).   Further, plaintiffs state no facts to establish a violation of the Equal Protection Clause of the Fourteenth Amendment. *See Flowers v. City of Minneapolis,* 558 F.3d 794, 798 (8th Cir.2009)(plaintiff must show that he was treated differently than others who were in all relevant respects similarly situated).

The Court further finds plaintiffs fail to state a claim for relief under the Commerce Clause of the United States Constitution.  "The dormant commerce clause prohibits states from enacting laws that discriminate against or unduly burden interstate commerce."  *Jones v. Gale*, 470 F.3d 1261, 1267 (8th Cir. 2006)(citation and internal quotation marks omitted). "Discrimination in this context refers to differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter."  *Id*. (citation and internal quotation marks omitted).  Plaintiffs, who state they are residents of Arkansas, make no allegation that Arkansas officials are discriminating against their economic interests in favor of the economic interests of Arkansas residents.

**Conclusion**

For the reasons stated, the Court grants defendants' motion to dismiss [docket entry 9], and also dismisses plaintiffs' claims against the State of Arkansas and the AEDC.  Judgment will be entered accordingly.

IT IS THEREFORE ORDERED that plaintiffs' complaint is dismissed for lack of jurisdiction and for failure to state a claim.

DATED this 15th day of February, 2012.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE